UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>   Plaintiff,<br><br>  v.<br><br>WINFRED KOKOR, et al,<br><br>   Defendant. | Case No. 1:15-cv-01016-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction.  (ECF No. 5.)  No other parties have appeared in this action.  Plaintiff's complaint is before the court for screening. (ECF No. 1.)

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLAINTIFF'S COMPLAINT

The Court finds that Plaintiff's Complaint is not a "short and plain statement of the claim showing the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2).  The Complaint is 252 pages long.  It contains appeal records, correspondence, large sections of the CDCR operations manual, and alleges various religious claims against eight Defendants.

The Complaint does not satisfy federal pleading standards, and given the demands imposed on the Court by the sheer volume of other prisoner cases, it is neither time-efficient nor fair to other litigants for the Court to hunt through Plaintiff's Complaint for camouflaged cognizable claims.

In the following sections of this order, the Court will provide general pleading requirements and the legal standards for the causes of action Plaintiff may be intending to allege.  Plaintiff will be given the opportunity to re-plead in a "short and plain statement" a claim that meets those standards.  The amended complaint must only assert claims against Defendants who may be credibly found responsible for the alleged unlawful conduct, and must *not* contain unrelated facts or claims.  Plaintiff **should not** attach the record of his administrative appeals or any other documentary evidence to his complaint: he must instead summarize in his own words what Defendants did or did not do, and why he believes these acts or omissions violated his rights.  This Court can envision few complaints that ought reasonably to exceed twenty pages.  Thus, any

amended filing that is longer than twenty pages will be viewed with extreme skepticism and may be rejected on that basis alone.

### A. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### B. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-77; Simmons, 609 F.3d 1011, 1020-21(9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### C. Joinder of Multiple Claims and Defendants under Rules 18 and 20

Plaintiff attempts to bring multiple constitutional claims against multiple defendants. While Plaintiff may bring multiple claims against one defendant under Fed. R. Civ. P. 18(a), Rule 20(a)(2) circumscribes his ability to join multiple defendants to the same action. Under Rule 20(a)(2), a plaintiff may only sue multiple defendants in the same action if at least one claim against each defendant arises out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants." If defendants were involved in

separate transactions that allegedly violated Plaintiff's rights, Plaintiff must vindicate these distinct violations in separate lawsuits.

Just because claims are premised on the same type of constitutional violation(s) does *not* make them factually related.  Claims are only related when they are based on the same precipitating event or on a series of events caused by the same precipitating event.  Thus, in order to bring claims against all defendants in the same action, Plaintiff must plead facts demonstrating that his claims against each defendant are factually related. If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a)(2), unrelated claims and defendants will be subject to dismissal.

### D.  Legal Standard – Free Exercise Clause

Under the Constitution, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972).  However, as with other First Amendment rights in the inmate context, prisoners' rights may be limited or retracted if required to "maintain [ ] institutional security and preserv[e] internal order and discipline." Bell v. Wolfish, 441 U.S. 520, 549 (1979).

Restrictions on access to "religious opportunities," whether group services, chapel visits, or meetings with religious advisers, must be found reasonable in light of four factors: (1) whether there is a "valid, rational connection" between the regulation and a legitimate government interest put forward to justify it; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation). Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also

Beard v. Banks, 548 U.S. 521 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc).

Thus, Prisons may lawfully restrict religious activities for security purposes and other legitimate penological reasons.  See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008).  However, denial of all access to religious worship opportunities can violate the First Amendment.  Id.

### E.  Legal Standard – Establishment Clause

The Establishment Clause, applicable to state action by incorporation through the Fourteenth Amendment, Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8 (1947), states that "Congress shall make no law respecting an establishment of religion." U.S. Const. Amend. I.  The clause, at a minimum, prohibits state and federal governments from passing laws that "aid one religion, aid all religions, or prefer one religion over another." Hartmann v. CDCR, 707 F.3d 1114, 1125 (9th Cir. 2013)(citing Everson, 330 U.S. at 15).  However, to violate the Establishment Clause, "a government policy need not be formal, written, or approved by an official body to qualify as state sponsorship of religion." Canell v. Lightner, 143 F.3d 1210, 1214 (9th Cir.1998); Am. Humanist Ass'n v. United States, 63 F. Supp. 3d 1274, 1282-83 (D. Or. 2014).  Although prison officials are entitled to discretion in the "difficult and sensitive matters of institutional administration," officials "must do so without unduly preferring one religion over another." Hartmann, 707 F.3d at 1126.  Whether a prison policy is unconstitutionally preferential is a totality of the circumstances inquiry. Id.; Blanks v. Cate, No. 2:11-cv-0171, 2013 WL 1129280, at *15 (E.D. Cal. March 18, 2013).

### F.  Legal Standard - Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons

who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An incarcerated adherent of a minority religion has an equal protection right to "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Shakur, 514 F.3d at 884-85 (9th Cir 2008)(citing Cruz, 405 U.S. at 322).  However, "[i]n the prison context, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness, specifically whether the actions of prison officials are reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir.2004), citing Turner, 482 U.S. at 89.  Thus, there is no requirement that "every sect or group within a prison" have "identical facilities or personnel." Allen v. Toombs, 827 F.2d 563, 568 (citing Cruz, 405 U.S. at 322 n. 2.); accord Hartmann v. CDCR, 707 F.3d 1114, 1123-1124 (9th Cir. 2013)(finding Wiccan inmates did not have Equal Protection right to paid chaplain when they had access to a volunteer chaplain).

To make an Equal Protection Claim, an inmate plaintiff must show either that Defendants intentionally discriminated against him on the basis of his faith, see Hartmann, 707 F.3d at 1123; Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); or that he received disparate treatment compared to adherents of other religions. See Rouser v White, 630 F.Supp.2d 1165, 1199 (E.D. Cal. 2009).  If proceeding under the disparate treatment theory, plaintiff must show the following: (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); accord Rouser, 630 F.Supp.2d at 1199.

### G. Legal Standard – Religious Land Use and Institutionalized Persons Act

The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides that "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution… even if the burden results from a rule of general applicability," unless the government demonstrates that the burden furthers "a compelling governmental interest," and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2); Holt v. Hobbs, 135 S.Ct. 853, 860 (2015); Greene v. Solano Cty. Jail, 513 F.3d 982, 986 (9th Cir. 2008).

An inmate's "religious exercise" refers not to his practice of religion as a whole, but his engagement in particular practices or rituals within his religion. Greene, 513 F.3d at 987.  The practice need not be "compelled by, or central to, a system of religious belief" in order to qualify as a "religious exercise." 42 U.S.C. § 2000cc-5(7)(A); Holt, 135 S.Ct. at 862; Alvarez v. Hill, 518 F.33d 1152, 1156 (9th Cir. 2008).

Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d at 994-95 (9th Cir. 2005).  A "substantial burden" is a restriction that is "oppressive to a significantly great extent," Id. at 995, and is presumed when a policy forces an inmate to choose between "serious disciplinary action" and "engag[ing] in conduct that seriously violates his beliefs." Holt, 135 S.Ct. at 862; accord Warsoldier, 418 F.3d at 996. An "outright ban on a particular religious exercise" also generally constitutes a substantial burden on that religious exercise. Greene, 513 F.3d at 988.

If a plaintiff establishes a substantial burden on his religious exercise, the defendants must demonstrate that such burden "is both in furtherance of

a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.  Although prison security is a compelling interest, prison officials may not "justify restrictions on religious exercise simply by citing to the need to maintain order and security." Greene, 513 F.3d at 989-990. Instead, they must show that they "actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." Greene, 513 F. 3d at 989 (quoting Warsoldier, 418 F.3d at 999).

RLUIPA only authorizes official capacity suits against government employees for prospective, injunctive relief.  Sossamon v. Texas, 131 S. Ct. 1651, 1660 (2011); Wood v. Yordy, 753 F.3d 899, 902-04 (9th Cir. 2014). An inmate's transfer from the prison where his claims arose will generally moot a claim for prospective relief, so unless he can show a reasonable likelihood of being transferred back, his RLUIPA claims will be dismissed.  See City of Los Angeles v. Lyons, 461 U.S. 95, 102-05 (1983); Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

### III.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under Section 1983 because it violates the pleading standard of Fed. R. Civ. P. 8(a).

The Court grants Plaintiff the opportunity to file an amended complaint.  See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaint).

9

An amended complaint would supersede the prior complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 f.2d 565, 567 (9th Cir. 1987). Thus, it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his Complaint, filed July 6, 2015;
2. Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief may be granted;
3. Within thirty (30) days from the service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. If Plaintiff fails to comply with this order, the Court will order that this action be dismissed, with prejudice, for failure to state a claim, failure to prosecute and failure to obey a court order, subject to the three strikes provision of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   September 8, 2015          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE